OPINION
Plaintiff-appellant Jill Gillam appeals from the dismissal of her cause of action, with prejudice, as a consequence of her having failed, without any explanation, and for the second time, to appear for a scheduled independent medical examination, despite the fact that it had previously been agreed that her failure to appear for the independent medical examination would be grounds for dismissal with prejudice. Gillam also contends that the trial court erred in dismissing her complaint pursuant to Civ. R. 12(B)(6).
We conclude that the trial court was within its discretion in dismissing Gillam's complaint, with prejudice, under these circumstances. We further conclude that the trial court's mischaracterization of its dismissal as being pursuant to Civ.R. 12(B)(6) is of no consequence.
Accordingly, the judgment of the trial court is Affirmed.
 I
Gillam brought this action against defendants-appellees, Joe Johnson, U-Dan, Inc., Thomas Gruber, Robert Waldrop, and John Doe, alleging that she was injured as a result of the negligent operation of a motor vehicle by Johnson, Gruber or Doe. Her cause of action against U-Dan or Waldrop was predicated upon respondeat superior or negligent entrustment.
Gillam was scheduled for an independent medical examination on December 10, 1998, but failed to appear. On or before January 5, 1999, an agreement was worked out between counsel for the parties that the matter would be referred to binding arbitration, conditioned upon Gillam appearing for an independent medical examination. An agreed entry was negotiated between the parties vacating the trial date, referring the matter to binding arbitration, ordering Gillam to "forthwith make herself available" for an independent medical examination, "and that Plaintiff Jill Gillam's failure to attend and participate in said [independent medical examination] without just cause shall result in the immediate dismissal of her claim herein WITH prejudice." (Emphasis in original.)
Although defense counsel Erin Moore's unrebutted affidavit recites that this agreement was approved by the trial court orally at a report hearing on January 5, 1999, the agreed entry was not filed until March 5, 1999.
On March 3, 1999, the defendants moved to dismiss this case with prejudice upon the ground that Gillam had failed to appear for the independent medical examination that had been re-scheduled for February 11, 1999. Their motion reflected that this breached the agreement of the parties that had been approved by the trial court.
In her response to the motion to dismiss, Gillam argued that the sanction of dismissal was too severe a sanction for her failure to appear for the independent medical examination, but offered no explanation why she had again failed to appear for the examination.
Beyond reciting the agreement of the parties that the action would be dismissed, with prejudice, if Gillam failed to appear for the independent medical examination without just cause, the defendants-appellees' motion to dismiss did not recite any particular rule of the Ohio Rules of Civil Procedure as authority for the dismissal. In its entry dismissing the case, with prejudice, the trial court cited Civ.R. 12(B)(6), which provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted.
From the dismissal of her complaint, with prejudice, Gillam appeals.
 II
Gillam's First Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DISMISSED THE CASE WITH PREJUDICE.
Essentially, Gillam contends that the trial court abused its discretion by dismissing her complaint with prejudice, because dismissal was too severe a sanction. She cites Kapp v. Sweet
(February 16, 1989), Montgomery App. No. 11240, unreported, in which we affirmed the dismissal of a complaint, with prejudice, under remarkably similar circumstances. In that case, as in the case before us, a plaintiff had twice failed to appear for an independent medical examination. In that case, as in the case before us, the plaintiff had failed to offer any reason, either before or after the scheduled examination, for the plaintiff's failure to appear.
We see no grounds for distinguishing this case from Kapp v.Sweet, supra, which we approve and follow. Had Gillam offered some explanation for her failure, on a second occasion, to appear for a scheduled independent medical examination, there might be some basis for finding that dismissal of her complaint, with prejudice, would be too severe a sanction to impose under the circumstances, but without any explanation of the circumstances having been offered, there is no basis for such a finding.
Gillam's First Assignment of Error is overruled.
 III
Gillam's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CLAIM PURSUANT TO O.R.C.P. 12(B)(6).
We agree with Gillam that the trial court erred by characterizing its dismissal as having been pursuant to Civ.R. 12(B)(6), which provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. However, we find this mischaracertization to have been inconsequential. It is clear that the trial court based its decision to dismiss Gillam's complaint with prejudice upon her unexplained failure to have appeared for a scheduled independent medical examination, after the parties had entered into an agreement, approved by the trial court, that the matter would be referred to binding arbitration, conditioned upon her appearing for an independent medical examination, and that her failure to do so, without just cause, would be grounds for the immediate dismissal of her complaint with prejudice. Based upon this record, we find it unlikely, in the extreme, that the trial court would have reached a different result, but for its mischaracterization of the dismissal as having been pursuant to Civ.R. 12(B)(6). Thus, to the extent that the trial court erred in its characterization of the dismissal as having been pursuant to Civ.R. 12(B)(6), we find that error to be harmless.
Gillam's Second Assignment of Error is overruled.
 IV
Both of Gillam's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
R. Casey Daganhardt
Erin B. Moore
Steven Dankof
Hon. John Petzold